UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
STEVEN D'AGOSTINIO,                :
                                   :
                Plaintiff,         :     Civ. Action No. 10-4558 (FLW)
                                   :
v.                                 :     **ORDER**
                                   :
CECOM RDEC,                        :
Fort Monmouth, US Army,            :
                                   :
                Defendant.         :
_____:

**THIS MATTER** having been opened to the Court by Plaintiff Steven D'Agostino ("Plaintiff") on an application to proceed without prepayment of fees or costs; it appearing that a complaint filed by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the Court if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); it appearing that while in determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff, see Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), the Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions," see Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); indeed, a complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the standard for evaluating whether a complaint is "frivolous" is an objective one, see Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995); it appearing that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief," Haines v. Kerner, 404 U.S. 519, 521 (1972)(quotations omitted); it appearing that however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . ," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); in that connection, when considering a motion to dismiss the Court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth[,] [and] [w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," Id. at 1950; it appearing that in his Complaint, Plaintiff alleges that Defendant US Army Research & Development Center ("Defendant"), at the Communication Electronics Command in Fort Monmouth, New Jersey, wrongfully terminated his employment as a civilian electronics engineer/computer scientist in and around 2002, see Compl. at ¶ 4; it appearing that in 2002, Plaintiff hired an attorney, Lawrence Hecker, who filed a grievance on Plaintiff's behalf, see Id. at ¶¶ 23-24; it appearing that Plaintiff's grievance ultimately went before an arbitrator, and in March of 2003, Plaintiff lost his arbitration, allegedly due to the negligent representation of Plaintiff's attorney, Mr. Hecker, see Id. at ¶ 25-42; it appearing that Plaintiff stated that he filed a pro se malpractice claim against Mr. Hecker, and after a jury trial, Plaintiff was awarded nearly $400,000, see Id. at ¶ 52-54; it appearing that however, Plaintiff was unable to collect on his judgment due to Mr. Hecker's financial situation; it appearing that Plaintiff now asserts in this Complaint that he would have won the arbitration proceeding if his then-attorney were not negligent; it further appearing that Plaintiff wishes to re-litigate issues that have been resolved in a binding arbitration, and moreover, Plaintiff asserts that he did not waive his right to a trial, and therefore, his arbitration award should not be considered binding; it appearing that, however, Plaintiff fails to state a claim in his Complaint because the claims at issue were previously resolved in a binding arbitration, and that Plaintiff then failed to contest the validity of the arbitration; while it is unclear from the Complaint in which

agreement Plaintiff authorized arbitration of his employment claims against Defendant, undoubtedly, Plaintiff's attorney pursued the grievance in such a manner with Plaintiff's knowledge; accordingly, Plaintiff's only recourse is through a malpractice claim; it appearing that while it is unfortunate that Plaintiff cannot collect on his judgment against Mr. Hecker, Plaintiff is barred from bringing his more than eight-year old claims in this forum; the Court having reviewed Plaintiff's Complaint and in forma pauperis application, for the reasons set forth herein and for good cause shown,

IT IS on this 13th day of September, 2010,

**ORDERED** that Plaintiff's application to proceed without prepayment of fees and costs is granted; it is further

**ORDERED** that Plaintiff's Complaint is dismissed.

/s/ Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.